## PORTLAND TUG & BARGE CO. v. UNITED STATES.

No. 4357.

United States District Court
D. Oregon.

Oct. 14, 1949.

MacCormac Snow, Portland, Oregon, for libelant.

H. Stewart Tremaine, Portland, Oregon, for respondent.

JAMES ALGER FEE, Chief Judge.

This is a proceeding brought under the Suits in Admiralty Act, Title 46 U.S.C.A. §§ 741–752. The limitation of suits under this act is found in Title 46 U.S.C.A. § 745. The pretrial order states as fact that the United States, at the time of the occurrence hereinafter described, was the owner of the steamship "Lynn Victory," which, by virtue of a general agency agreement, was being operated by the Isthmian Steamship Company. It is further agreed that on the afternoon of February 26, 1947, Portland Tug & Barge Co. had moored at the Star Moorage in the Willamette River the dredge "Cairo" with a barge alongside of it. On that afternoon the steamship "Lynn Victory" proceeded down the Willamette past Star Moorage. Some time about 5:20 p. m. on that day the libelant contends that the dredge "Cairo" and the barge were set adrift and the dolphins and wire cables, by which the dredge and barge were tied, were broken. Libelant also claims that the damage alleged was caused by the passage of the "Lynn Victory" at an excessive speed. The major portion of the damage so alleged was to the shore structures, which were the dolphins.

The first question of law which arises is as to the right of the libelant to institute this action. Libelant contends that this remedy was conferred upon it by the passage of the Act of June 19, 1948, c. 526, 62 Stat. 496, 46 U.S.C.A. § 740. This section confers a right of action for damage or injury on land by a vessel in navigable waters, and purports to extend the admiralty and maritime jurisdiction of the United States.

■ There has been in the past grave doubt as to whether admiralty and maritime jurisdiction can be extended by act of Congress. But that matter does not arise here, since it is always competent for the United States in a statute to permit suit against the Government on any claim whatsoever.

Sole questions arising in this case are the result of the fact that the alleged damage was committed on February 26, 1947, and the act was not passed until June 19, 1948. However, one of the provisos of the act reads as follows: "That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after June 19, 1948, and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act."

■ This libel seems to follow exactly in the description laid down. It was brought under the Suits in Admiralty Act, which is made the exclusive remedy. It did not arise after June 19, 1948. It was one of the "causes of action where suit" had not been filed under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., before that date. The contemplation of the act is that damage prior to that date would be recognized and that those which had been filed under the Federal Tort Claims Act would be allowed to proceed under the terms of that statute, but that those which had not been filed under that statute could proceed under the Suits in Admiralty Act. It is inherent in this reasoning that the statue of limitations applicable to claims under the Suits in Admiralty Act of two years would be applicable. This action was filed within that time.

The argument that Congress intended to bar all claims which had not been filed under the Tort Claims Act within the period of limitation of a year therein stated, while expressly designating the Suits in Admiralty Act as the vehicle for all such claims not previously filed, is untenable.

■ There was another question of law reserved as to whether the libellant had notified the United States of its claim and intention to bring action in accordance with the last proviso of the act, which requires that the claim shall have been presented in writing. If this proviso is applicable at all to the present situation, the Court is of opinion that the Government was notified of the claim and the intention to bring suit. There is a letter of acknowledgment of notice of damage to moorage and equipment which is signed by R. J. Burns, Claims Department, under the typed words in capitals,

"UNITED STATES OF AMERICA, UNITED STATES MARITIME COMMISSION, ISTHMIAN STEAMSHIP COMPANY, AGENTS," which conforms to all requirements of the statute. Therefore, the proceeding may now go to trial upon the issues of fact.